1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ERIC CHENG (CABN 274118)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
      Telephone: (415) 436-6557
7     FAX: (415) 436-7234
      Eric.Cheng@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 19-0594 EMC |
|---|---|
| Plaintiff, | ) DETENTION ORDER |
| v. | ) |
| CESAR RAMOS, <br>   a/k/a Jehova De Jesus Torres-Arteaga, | ) |
| Defendant. | ) |

On November 7, 2019, defendant Cesar Ramos was charged by indictment with Distribution of Heroin, in violation of Title 21 of the United States Code Sections 841(a)(1) and (b)(1)(C).

This matter came before the Court on November 20, 2019 for a detention hearing. The defendant was present and represented by Sophia Whiting. Assistant United States Attorney Eric Cheng appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

As noted on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required, including because of the defendant's history of law enforcement contacts, warrants, and failures to appear.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it. Factors that would be considered with respect to a motion for reconsideration include whether the defendant's significant other's mother agreed to act as surety and custodian and was deemed appropriate, in view of any additional information on whether the defendant failed to appear at immigration proceedings.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

DATED: November 21, 2019

_____
HONORABLE SALLIE KIM
United States Magistrate Judge