# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

## Amended Petition for Warrant for Person Under Supervision

**Person Under Supervision**  
Cesar Ramos

**Docket Number**  
0971 3:19CR00594-001 EMC

**Name of Sentencing Judge:** The Honorable Edward M. Chen  
United States District Judge

**Date of Original Sentence:** March 25, 2020

**Original Offense**  
Count One: Distribution of Heroin, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a Class C Felony

**Original Sentence:** Sentenced to custody for a period of time served; three years supervised release.

**Special Conditions:** Must not commit another federal, state, or local crime; search by any law enforcement officer; pay $100 special assessment; collection of DNA; shall not be present in the area in San Francisco bordered on the west by Polk Street and South Van Ness Avenue, on the north by Geary Street, on the east by Powell Street and 3rd Street, and on the south by Mission Street, with the following exceptions: to attend any court proceedings at 450 Golden Gate Avenue, or after requesting and receiving approval from the probation officer; and to travel on Bart, MUNI, or other public transport through the area, but may not then alight from said transportation and enter the area on foot.

**Prior Form(s) 12:** On June 26, 2020, the Court issued an arrest warrant after having learned in a Petition for Warrant that Mr. Ramos absconded from supervision.

**Type of Supervision**  
Supervised Release  
**Assistant U.S. Attorney**  
Jason Kleinwaks

**Date Supervision Commenced**  
March 25, 2020  
**Defense Counsel**  
Sophia Maria Whiting (AFPD)

### Petitioning the Court

**To take notice of the additional violation conduct as alleged in Charges Two, Three, and Four of this amended petition and to incorporate the information into all future proceedings. The Court previously issued a warrant for Mr. Ramos.**

**RE:**     Ramos, Cesar                                                                                                           2
            0971 3:19CR00594-001 EMC

I, Joseph Milliken, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that Mr. Ramos violated standard condition number one that states, in part, you must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release. |

> On March 25, 2020, the client appeared before the Court and was sentenced to Time Served and three years of supervised release. Mr. Ramos was held in custody by U.S. Immigration and Customs Enforcement where they believed that Mr. Ramos was a 17-year-old juvenile. He was then transferred to the custody of the Department of Health and Human Services, Office of Refugee Resettlement. On June 3, 2020, Mr. Ramos absconded from his placement and his whereabouts are unknown.
>
> On June 18, 2020, contact was made with Lucia Hernandez, who is the grandmother of the client's child. She was also a potential surety for Mr. Ramos in this case. Ms. Hernandez reported she has not seen Mr. Ramos and is unaware of his whereabouts.
>
> Based on the information our office obtained, Mr. Ramos has failed to contact the probation office since his release from custody and his current whereabouts are unknown. Furthermore, there is a warrant for his arrest for failure to appear in San Francisco County Superior Court, Case Number 18015906.
>
> Evidence in support of this charge is contained within an automated criminal history report, automated immigration records and the chronological entry maintained by the probation office dated June 18, 2020.

| | |
|---|---|
| **Two** | **There is probable cause to believe that Mr. Ramos violated mandatory condition number one that states you must not commit another federal, state, or local crime.** |

> **On August 22, 2020, Mr. Ramos was in violation of California Penal Code Section 242 – Battery, a misdemeanor; California Penal Code**

RE:    Ramos, Cesar 3
       0971 3:19CR00594-001 EMC

Section 166 – Contempt of Court, a misdemeanor; California Health and Safety Code 11378 - Possession for Sale of a Controlled Substance, a felony; and two counts of California Health and Safety Code 11351 - Unlawful Possession for Sale of a Controlled Substance, felonies.

On August 22, 2020, at approximately 11:49 p.m., San Francisco Police officers responded to a reported battery that occurred in the area of Larkin Street and Turk Street. The victim reported to officers that the father of her cousin's child, later identified as Mr. Ramos, punched her one time in the left cheek with a closed fist, which caused her to fall to the ground, scraping her right elbow. The victim explained that she was speaking to Mr. Ramos about taking responsibility and helping with his child when he struck her in the face. The victim declined medical attention, requested that Mr. Ramos be arrested for battery, and agreed to sign a citizen's arrest.

The victim stated that Mr. Ramos is a drug dealer and was last seen in the area of Golden Gate Avenue and Larkin Street. Officers responded to the reported area where they located Mr. Ramos and placed him under arrest. Mr. Ramos has a local stay away order from Golden Gate Avenue and Larkin Street which expires on October 18, 2021. At the request of officers, the victim responded to the scene of the arrest where she identified Mr. Ramos as the person who struck her in the face.

Upon searching Mr. Ramos and his fanny pack, officers located the following: two baggies containing 99 grams gross of fentanyl in the front pocket of his hoodie; 12.7 grams gross of marijuana; a spoon in the side pocket of his hoodie; two scales; nine empty plastic baggies in his left chest jacket pocket; 26.9 grams gross of suspected heroin; 43.3 grams gross of methamphetamine; multiple Xanax pills totaling 10.8 grams gross; and a total of $1,117 in U.S. currency. Officers used a TruNarc Analyzer which positively confirmed the methamphetamine and fentanyl and the code imprinted on the side of the pills were confirmed as Xanax.

Evidence in support of this charge includes the San Francisco Police Department Incident Report Number: 200506519.

Three    There is probable cause to believe that Mr. Ramos violated mandatory condition number two that states you must not unlawfully possess a controlled substance.

As noted in Charge Two of this petition, during his arrest on August 22, 2020, Mr. Ramos was in possession of the following controlled substances: two baggies containing 99 grams gross of fentanyl in the

RE:   Ramos, Cesar                                                                                                                     4
      0971 3:19CR00594-001 EMC

                  **front pocket of his hoodie; 12.7 grams gross of marijuana; 26.9 grams gross of suspected heroin; 43.3 grams gross of methamphetamine; and multiple Xanax pills totaling 10.8 grams gross. Officers used a TruNarc Analyzer which positively confirmed the methamphetamine and fentanyl and the code imprinted on the side of the pills were confirmed as Xanax.**

                  **Evidence in support of this charge includes the San Francisco Police Department Incident Report Number: 200506519.**

**Four**       **There is probable cause to believe that Mr. Ramos violated special condition number five that states, in part, you shall not be present in the area in San Francisco bordered on the west by Polk Street and South Van Ness Avenue, on the north by Geary Street, on the east by Powell Street and 3rd Street, and on the south by Mission Street.**

                  **As noted in Charge Two of this petition, on August 22, 2020, Mr. Ramos was located and arrested near the corner of Golden Gate Avenue and Larkin Street in San Francisco, which is within the prohibited boundaries. Mr. Ramos did not have prior approval to be in the vicinity. He was also not traveling through the area on public transportation.**

                  **Evidence in support of this charge includes the San Francisco Police Department Incident Report Number: 200506519.**

Based on the foregoing, there is probable cause to believe that Cesar Ramos violated the conditions of his supervised release.

Respectfully submitted,                  Reviewed by:

_Joseph Milliken_                                _Aaron Tam_

Joseph Milliken                                  Aaron Tam
U.S. Probation Officer                  Supervisory U.S. Probation Officer
Date Signed: September 1, 2020

**RE:**  Ramos, Cesar  5
         0971 3:19CR00594-001 EMC

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

- [x] The Court takes notice of the additional violation conduct as outlined in Charges Two, Three, and Four of this amended petition and incorporates the information into all future proceedings.

- [ ] Other:

_9/3/2020_____          _____
Date                                                              Edward M. Chen
                                                                  United States District Judge

**RE:**   Ramos, Cesar                                                                                                              6
         0971  3:19CR00594-001 EMC

## APPENDIX

Grade of Violations:  A [USSG §7B1.1(a)(1), p.s.]

Criminal History at time of sentencing:  I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | 2 years<br>18 U.S.C. § 3583(e)(3) | 12-18 months<br>USSG §7B1.4(a), p.s. |
| **Supervised Release:** | Life, less any term of imprisonment imposed upon revocation<br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C),<br>18 U.S.C. § 3583(h) | Life, less any term of imprisonment imposed upon revocation<br>USSG §7B1.3(g)(2), p.s. |
| **Probation:** | Not applicable | Not applicable |