# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

**Request for Modifying the Conditions or Term of Supervision
from the Person Under Supervision**

| | |
|---|---|
| **Person Under Supervision**<br>Cesar Ramos | **Docket Number**<br>0971 3:19CR00594-001 EMC |

**Name of Sentencing Judge:**   The Honorable Edward M. Chen
                                United States District Judge

**Date of Original Sentence:**   March 25, 2020

**Original Offense**
Count One: Distribution of Heroin, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a Class C Felony

**Original Sentence:** Sentenced to custody for a period of time served; three years supervised release.

**Special Conditions:** Must not commit another federal, state, or local crime; search by any law enforcement officer; pay $100 special assessment; collection of DNA; shall not be present in the area in San Francisco bordered on the west by Polk Street and South Van Ness Avenue, on the north by Geary Street, on the east by Powell Street and 3rd Street, and on the south by Mission Street, with the following exceptions: to attend any court proceedings at 450 Golden Gate Avenue, or after requesting and receiving approval from the probation officer; and to travel on Bart, MUNI, or other public transport through the area, but may not then alight from said transportation and enter the area on foot.

**Prior Form(s) 12:** On June 26, 2020, a Petition for Warrant for Person Under Supervision was filed alleging one charge that Mr. Ramos failed to report or contact the probation office after absconding from the Department of Health and Human Services, Office of Refugee Resettlement.

On September 3, 2020, in a filed Amended Petition, Your Honor took notice of three additional charges. More specifically, new criminal conduct that included possession of controlled substances for sale and battery, and violation of his stay away order.

On September 15, 2020, before the Magistrate Court, a Detention Hearing and formal findings was waived by the defense without prejudice. At that time, Mr. Ramos did not have a release address.

On October 6, 2020, a Status Conference was held via videoconference before the Court. At the request of counsel, the matter was continued to November 4, 2020, at 2:00 p.m. for a further

RE:   Ramos, Cesar                                                                                                2
      0971 3:19CR00594-001 EMC

status hearing. Mr. Ramos remained detained at the Santa Rita Jail under the custody of the U.S. Marshal.

On October 19, 2020, a Status Conference was held via videoconference before the Court. Mr. Ramos' appearance was waived. The Court was informed that Mr. Ramos was currently being housed as a courtesy until October 21, 2020, at the San Francisco County Juvenile Detention Center due to his alleged age being 17 years old. The U.S. Marshal agreed to contact other juvenile detention centers in surrounding Bay Area counties to house Mr. Ramos, as it was the Court's preference to hold Mr. Ramos in custody pending these matters. The Court also ordered that if Mr. Ramos was to be released from the San Francisco County Juvenile Detention Center, he may reside at the Huckleberry House or other juvenile shelter facility with electronic monitoring implemented at the discretion of the U.S. Probation Office. On that same date, the Court was advised by the U.S. Marshals Service that San Mateo, Marin, and Contra Costa counties would not house Mr. Ramos.

As a result of Mr. Ramos being released from the San Francisco County Juvenile Detention Center on October 26, 2020, the probation office contacted Huckleberry House in San Francisco and arranged for his transfer to that program per the Court's order dated October 19, 2020. Mr. Ramos was transferred by the U.S. Marshals Service from the Juvenile Detention Center to Huckleberry House located at 1292 Page Street, San Francisco. The Court was informed of the change in status at the Huckleberry House youth program, which does not allow the utilization of electronic monitoring while at the program.

On October 28, 2020, Mr. Ramos absconded from the Huckleberry House and his whereabouts remain unknown.

On November 4, 2020, a Status Conference was held without Mr. Ramos present. The case was continued until December 2, 2020.

On December 2, 2020, a Status Conference was held without Mr. Ramos present. The Court ordered parties to meet and confer to review all documentation gathered from the various Agencies. The case was continued until January 6, 2021.

On January 6, 2021, a Status Conference was held without Mr. Ramos present. No conclusion was determined, and the case was continued until February 10, 2021.

On February 10, 2021, a Status Conference was held without Mr. Ramos present. No conclusion was determined, and the case was continued until March 17, 2021.

On March 17, 2021, a Status Conference was held without Mr. Ramos present. No conclusion was determined, and the case was continued until May 26, 2021.

On May 24, 2021, a continuance was filed by the defense and granted by the Court, continuing the matter until June 23, 2021.

On June 22, 2021, a continuance was filed by the defense and granted by the Court, continuing the matter until July 28, 2021.

RE:     Ramos, Cesar                                                                                                                3
         0971 3:19CR00594-001 EMC

On July 15, 2021, the Status Conference was rescheduled by the Court to August 4, 2021.

On August 4, 2021, a Status Conference was held without Mr. Ramos present. During the hearing, Mr. Ramos' attorney was present, as well as his immigration attorney, and the Court instructed the Probation Office to file a Request to Modify Mr. Ramos' conditions, to allow for legal visits within the Tenderloin area of San Francisco.  Additionally, the Probation Office filed a Second Amended Petition for Arrest Warrant as his whereabouts remain unknown. The matter was continued until October 13, 2021.

| **Type of Supervision** | **Date Supervision Commenced** |
|---|---|
| Supervised Release | March 25, 2020 |
| **Assistant U.S. Attorney** | **Defense Counsel** |
| Joseph Tartakovsky | George Boisseau (Appointed) |

### Petitioning the Court

To modify special condition number five of supervised release as follows:

Mr. Ramos shall not be present in the area in San Francisco bordered on the west by Polk Street and South Van Ness Avenue, on the north by Geary Street, on the east by Powell Street and 3rd Street, and on the south by Mission Street, with the following exceptions: **to visit or attend any appointments with Stephany Arzaga of Legal Services for Children located at 1254 Market Street**, to attend any court proceedings at 450 Golden Gate Avenue, or after requesting and receiving approval from the probation officer; and to travel on Bart, MUNI, or other public transport through the area, but may not then alight from said transportation and enter the area on foot.

Respectfully submitted,                                              Reviewed by:

*Joseph Milliken*                                                          *Michael J. Primeau*

Joseph Milliken                                                              Michael J. Primeau
U.S. Probation Officer                                                   Supervisory U.S. Probation Officer
Date Signed: August 4, 2021

RE:   Ramos, Cesar                                                                                                4
      0971 3:19CR00594-001 EMC


THE COURT ORDERS:

XXX   To modify special condition number five of supervised release as follows:

Mr. Ramos shall not be present in the area in San Francisco bordered on the west by Polk Street and South Van Ness Avenue, on the north by Geary Street, on the east by Powell Street and 3rd Street, and on the south by Mission Street, with the following exceptions: **to visit or attend any appointments with Stephany Arzaga of Legal Services for Children located at 1254 Market Street**, to attend any court proceedings at 450 Golden Gate Avenue, or after requesting and receiving approval from the probation officer; and to travel on Bart, MUNI, or other public transport through the area, but may not then alight from said transportation and enter the area on foot.

☐   Other:


August 5, 2021
Date

Edward M. Chen
United States District Judge